**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cathleen Fleming, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| IC System, Inc., | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1.   This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Cathleen Fleming ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Goodyear.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, IC System, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant placed telephone calls to Plaintiff before 8:00 A.M. and after 9:00 P.M., times that Defendant knew to be inconvenient to Plaintiff, including, but not limited to the following dates and times:

November 13, 2009 @ 6:58 A.M.

November 14, 2009 @ 6:38 A.M.

November 18, 2009 @ 6:41 A.M.

November 20, 2009 @ 6:18 A.M.

November 21, 2009 @ 6:27 A.M.

November 22, 2009 @ 6:04 A.M.

November 23, 2009 @ 6:04 A.M.

November 24, 2009 @ 6:04 A.M.

November 25, 2009 @ 6:22 A.M.

November 27, 2009 @ 6:23 A.M.

December 1, 2009 @ 6:59 A.M.

December 2, 2009 @ 6:13 A.M.

December 2, 2009 @ 7:36 A.M.

December 4, 2009 @ 6:41 A.M

December 5, 2009 @ 6:02 A.M.

December 7, 2009 @ 6:12 A.M.

December 8, 2010 @ 6:16 A.M.

December 9, 2009 @ 6:35 A.M.

December 11, 2009 @ 6:17 A.M.

December 14, 2009 @ 6:13 A.M.

(15 U.S.C. § 1692c(a)(1)).

12.     Defendant placed continuous and repeated telephone calls to Plaintiff, with intent to harass, annoy or abuse Plaintiff, including, but not limited to, four or more calls placed on each of the following individual dates:

November 14, 2009 (@ 6:38 A.M., 9:03 A.M., 12:35 P.M., 2:50 P.M.)

November 18, 2009 (@ 6:41 A.M., 8:34 A.M., 11:32 A.M., 5:10 P.M.)

November 20, 2009 (@ 6:18 A.M., 8:12 A.M., 12:32 P.M., 3:22 P.M., 5:59 P.M.)

November 21, 2009 (@ 6:27 A.M., 8:31 A.M., 11:37 A.M., 1:03 P.M., 2:44 P.M., 5:09 P.M.)

November 22, 2009 (@ 6:39 A.M., 8:39 A.M., 11:58 A.M., 3:42 P.M.)

November 23, 2009 (@ 6:04 A.M., 3:54 P.M., 5:03 P.M., 6:50 P.M.)

November 24, 2009 (@ 6:04 A.M., 8:07 A.M., 11:51 A.M., 4:26 P.M., 5:20 P.M.)

November 25, 2009 (@ 6:22 A.M., 9:08 A.M. 1:04 P.M., 5:44 P.M.)

December 1, 2009 (@ 6:59 A.M., 8:04 A.M., 9:35 A.M., 3:47 P.M.)

December 2, 2009 (@ 6:13 A.M., 7:36 A.M., 10:31 A.M., 4:35 P.M., 6:20 P.M.)

December 10, 2009 (@ 6:33 A.M., 11:21 A.M., 3:21 P.M., 6:52 P.M.)

December 14, 2009 (@ 6:13 A.M., 10:45 A.M., 2:26 P.M., 2:42 P.M., 6:54 P.M.)

December 15, 2009 (@ 8:17 A.M., 11:13 A.M., 2:28 P.M., 6:46 P.M.)

(15 U.S.C. § 1692d(5))..

13. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

14. Plaintiff repeats and re-alleges each and every allegation contained above.

15. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 8th day of September, 2010

By: <u>s/ Marshall Meyers</u>
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff